UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation,<br><br>             Plaintiff,<br><br>        v.<br><br>BLACKWOOD CANYON VINTNERS,<br><br>             Defendant. | 1:05-CV-0876 OWW LJO<br><br>**ORDER GRANTING ENTRY OF DEFAULT AGAINST DEFENDANT BLACKWOOD CANYON VINTNERS** |

### I.   INTRODUCTION AND PROCEDURAL HISTORY

Before the court is the order to show cause previously issued by the court to Defendant Blackwood County Vintners ("BCV").  Defendant has not responded.

On February 21, 2006, the court ordered Defendant Blackwood County Vintners ("BCV") and attorney David M. Wolf ("Wolf") to show cause why BCV's pending motions should not be stricken and its default entered in this action for failure to respond to Plaintiff's motion.  Doc. 28, Order to Show Cause.  Wolf filed a Declaration in Opposition on March 1, 2006.  Doc. 30, Wolf Decl. BCV has filed no response.

### II.   BACKGROUND

1

1  On October 7, 2005, Wolf moved to withdraw as attorney for
2 BCV.  Doc. 16, Mot. to Withdraw.  The motion was unopposed.  Doc.
3 19, Statement of Non-Opp.  The court conditionally granted the
4 motion by Order issued on February 1, 2006.  Doc. 27, Order.  The
5 Order also set a scheduling conference for February 17, 2006.
6 Id.

7  Neither BCV nor Wolf appeared at the scheduling conference.
8 Doc. 28, Order to Show Cause, 1.  The Court issued an Order to
9 show cause on February 21, 2006 why BCV should not be sanctioned
10 for failure to obey a court order.  Id.

### IV.  LEGAL STANDARD

12  "All federal courts are vested with inherent powers enabling
13 them to manage their cases and courtrooms effectively and to
14 ensure obedience to their orders." *Aloe Vera of America, Inc. v.*
15 *United States*, 376 F.3d 960, 965 (9th Cir. 2004).  A court may
16 dismiss an action, with prejudice, based on a party's failure to
17 obey a court order or local rules.  *See, e.g.*, *Ghazali v. Moran,*
18 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance
19 with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th
20 Cir.1992) (dismissal for failure to comply with an order
21 requiring amendment of complaint); *Carey v. King,* 856 F.2d 1439,
22 1440-41 (9th Cir.1988) (dismissal for failure to comply with
23 local rule requiring pro se plaintiffs to keep court apprised of
24 address); *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th
25 Cir.1987) (dismissal for failure to comply with court order);
26 *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir.1986)
27 (dismissal for lack of prosecution and failure to comply with
28 local rules).

1  Local Rule 83-183(b) provides that "[a] corporation or other
2 entity may appear only by an attorney."

### V. ANALYSIS

1. Whether Wolf was Counsel for BCV at the Time of the
   Scheduling Conference

David M. Wolf is former counsel for BCV.  Besides setting the scheduling conference for February 17, the February 1, 2006, Order granted Wolf's motion to withdraw as BCV's counsel; but, under Local Rule 83-183(a), the Order provided that Wolf would be re-instated if: (1) the court later determines that BCV is a corporation; (2) when the court makes this determination, BCV is without counsel; and (3) the court provides Wolf with notice of (1) and (2).  Doc. 27, Order, 3.

Wolf states that he did not appear at the scheduling conference because he thought, based on the February 1 Order, that his duties in this litigation were concluded.  Doc. 30, Wolf Decl., ¶ 2.  BCV is a limited partnership, not a corporation. Id., ¶ 5.

The first condition to Wolf's re-instatement as counsel for BCV has not been fulfilled.  Wolf was not counsel for BCV when the scheduling conference was conducted.

2. Whether BCV is an "Entity" for Purposes of Local Rule 83-
   183(a).

Local Rule 83-183(a) provides that "[a] corporation or other entity may appear only by an attorney."  The court's February 21 Order stated that "no party has provided authority whether a Washington limited partnership meets the definition of 'entity' as used in the Local Rules of Court."  Doc. 28, Order to Show

**3**

Cause, 2.

Washington statute defines a limited partnership as an entity. *See* RCWA § 7.60.005(2), (8); § 11.104A.100(a) and Uniform Law Comment, 2006 Electronic Update ("[t]he reference to partnerships in Section 401(a) is intended to include . . . limited partnership"); § 23B.11.090(2); § 30.22.040(3). *See also Curley Elec., Inc. v. Bills*, 121 P.3d 106, 108 (Wash.App. 2005) ("[a] partnership is an entity distinct from its partners"); 1B Wash. Prac., *Methods of Practice* § 65.2 (4th ed.) (limited partnership a "business entity," to the same extent as a partnership).

BCV is an "entity" for the purposes of Local Rule 83-183(b). BCV must appear by counsel in this litigation.

The February 1, 2006, Order granting Wolf's motion to withdraw as counsel for BCV specifically found that BCV's conduct had made it unreasonably difficult for Wolf to effectively carry out his representation of BCV. Doc. 27, Order, 2. BCV has failed to retain replacement counsel to represent it in this action, as required by Local Rule 83-183(a).

3.  Entry of Default

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these local rules . . . may be grounds for the imposition by the [c]ourt of any and all sanctions . . . within the inherent power of the [c]ourt." The court has inherent power to control its docket, including the power to enter default. *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

In *Ringgold Corp. v. Worrall*, 880 F.2d 1138 (9th Cir. 1989),

defendant's counsel withdrew because of its failure to cooperate. Thereafter, defendant failed to attend pre-trial conferences or participate in the litigation, although it had adequate notice. It was held that the court had power to order entry of a default judgment.

Here, BCV has failed to retain replacement counsel, despite the requirement of Local Rule 83-183(a) that it do so. BCV failed to appear for a scheduling conference. BCV has provided no explanation for either of these failures.

Factors to be considered in determining whether to enter a default or dismissal under the court's inherent power include: (1) the efficacy of lesser sanctions; (2) whether the misconduct was intentional; (3) whether the person responsible was the client or the attorney; (4) whether the misconduct relates to the matter in controversy; (5) any prejudice to the party seeking sanctions; (6) the public interest in expeditious resolution of litigation; (7) the public policy favoring disposition of cases on their merits; and (8) any "extraordinary circumstances." *See United States v. Hughes Aircraft Co.*, 67 F.3d 242, 247 (9th Cir. 1995).

BCV has notice of this proceeding. See Doc. 28, Order to Show Cause, 2 ("[t]he Order to Show Cause shall be heard on March 20, 2006, at 10:00 a.m. in Courtroom 3"). The court caused the Order to be mailed to BCV on February 21, 2006.

BCV, as a business entity under Local Rule 83-183(a), cannot defend this action unless it is represented by counsel. Lesser sanctions than default have been attempted. BCV has refused to respond or appear. There appears to be no other way to compel

compliance with the court's orders.  The first factor strongly favors the entry of default against BCV.

The second factor also favors default.  BCV first failed to cooperate with Wolf in its defense, to provide information to support BCV's motion challenging personal jurisdiction, a waivable defense, necessitating Wolf's withdrawal as counsel. Then it failed to retain replacement counsel.  BCV was notified of the scheduling conference, and nonetheless failed to appear. Thereafter, BCV failed to respond to or appear at the order to show cause hearing.  BCV's conduct is intentional and in wilful disregard of the court's orders.

BCV must be held responsible for its misconduct and refusal to respond to the court's orders.  BCV's misconduct relates to the scheduled Order to Show Cause.  This factor weighs in favor of sanctions.

Gallo is prejudiced by BCV's failure to respond as BCV has impeded the case from proceeding.

The public interest favoring the expeditious resolution of disputes favors default.  BCV cannot defend without legal representation, under the local rules.  It has failed to respond to defend the action and to court orders.

Although the public policy favoring adjudication of disputes on their merits disfavors the entry of default, this is not a controlling factor where other factors strongly favor the sanction of default.  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).

BCV has not provided "extraordinary circumstances" nor any explanation why it failed to replace Wolf, appear at the

**6**

scheduling conference, or respond to or appear at the order to show cause.

### VI.  CONCLUSION

For the foregoing reasons, BCV's default is entered.

**SO ORDERED**

**DATED: March _24__, 2006.**

                                        **____/s/ OLIVER W. WANGER**
                                                **OLIVER W. WANGER**
                                        **United States District Judge**